# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Angela K. Shack, | : | Case No. 3:08 CV 630 |
|     Plaintiff | : | |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | : | **AND ORDER** |
|     Defendant | : | |

## I. INTRODUCTION

On March 26, 2008, the parties consented to the jurisdiction of the undersigned Magistrate for any and all further proceedings in this case, including trial and the entry of a final judgment, pursuant to 28 U.S.C. § 636(c)(1) (Docket No. 5). Pending are Plaintiff Angela K. Shack's ("Plaintiff") Motion for Attorneys' Fees under 42 U.S.C. § 406(b), filed August 29, 2013 (Docket No. 25), Defendant Commissioner's ("Defendant" or "Commissioner") Opposition, filed September 11, 2013 (Docket No. 26), and Plaintiff's Reply, filed September

25, 2013 (Docket No. 27). For the reasons set forth below, Plaintiff's Motion for Attorneys' Fees is granted.

## II. PROCEDURAL BACKGROUND

This case has a lengthy history before this Court. Plaintiff filed a timely Complaint on March 12, 2008, appealing the Commissioner's denial of benefits (Docket No. 1). On November 20, 2008, the parties filed a joint stipulation seeking reversal and remand of the matter to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g) (Docket No. 19). On December 3, 2008, the undersigned Magistrate granted the parties' request (Docket No. 20). Shortly thereafter, on December 18, 2008, Plaintiff filed a Motion for Attorneys' Fees under 28 U.S.C. § 2412, otherwise known as the Equal Access to Justice Act ("EAJA") (Docket No. 21). On December 29, 2008, the parties again filed a joint stipulation agreeing to EAJA fees in the amount of $2,750, which this Court granted (Docket Nos. 22 and 24).

In the meantime, on remand, the Commissioner awarded Plaintiff past-due disability benefits in the amount of $100,100.40 for the time period between August 2002 and June 2009 (Docket No. 25, Attachment 2). Pursuant to law, the Social Security Administration withheld twenty-five percent of the total past-due benefits, which, in this case totaled $25,025.10, in order to pay potential approved attorneys' fees (Docket No. 25, Attachment 2). The Administration approved a total fee of $5,300 for administrativeI have i-level services (Docket No. 25, Attachment 2).

On August 29, 2013, Plaintiff filed a Motion for Attorneys' Fees under 42 U.S.C. § 406(b), seeking $10,000 of Plaintiff's withheld past-due benefits to be paid in the following manner: (1) $7,250 to Plaintiff's counsel Kirk B. Roose ("Mr. Roose"), Loretta J. Willey ("Ms.

Willey"), and Mary T. Meadows ("Ms. Meadows); and (2) $2,750 to Plaintiff as a refund for the EAJA fees already awarded in 2008 (Docket No. 25). Plaintiff also seeks distribution of the remainder of the withheld amount to Plaintiff (Docket No. 25). On September 11, 2013, Defendant filed its Response agreeing generally to an award under 42 U.S.C. § 406(b), but only in the amount of $4,480 (Docket No. 26). Defendant argues that Plaintiff's requested award includes compensation for non-compensable hours and would constitute an overall windfall for Plaintiff's counsel (Docket No. 26). Plaintiff filed her Reply on September 25, 2013 (Docket No. 27).

### III. STANDARD OF AWARDING FEES UNDER 42 U.S.C. § 406(b)

Under 42 U.S.C. § 406(b), a court may award a prevailing claimant's attorney a reasonable fee not in excess of twenty-five percent of past-due benefits recovered by the claimant:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of [twenty-five] percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A); *see also Horenstein v. Sec'y of Health & Human Servs.*, 32 F.3d 261, 262 (6th Cir. 1994) (en banc) (under 42 U.S.C. § 406(b), a court may only award fees for work performed before the *court*, not before the Social Security Administration). Any fees awarded to a claimant under this section are paid from the funds withheld by the Social Security Administration from the claimant's past-due benefits award. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). In order to obtain fees under this statute, an attorney "must show that the fee

sought is reasonable for the services rendered." *Id*. at 807; *see also Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989).

In determining an appropriate award, a court will use the twenty-five percent of past-due benefits as a benchmark. *Rodriguez*, 865 F.2d at 746. However, the Sixth Circuit has emphasized that the twenty-five percent "is not to be viewed as *per se* reasonable." *Id*. The court should also determine whether a fee agreement exists between the claimant and his or her attorney. *Id*. When present, "due deference should be given to this expression of the intentions of the parties" and shall operate as a rebuttable presumption. *Id*. Under special circumstances, a court may reduce the amount of fees awarded to counsel, despite the parties' previous agreement. *Id*. These reductions are typically made in two circumstances: (1) those occasioned by improper conduct or ineffectiveness of counsel; and (2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended. *Id*.

## IV. ANALYSIS

### A.   TIMELINESS

Any request for fees under 42 U.S.C. § 406(b) must be timely. While the statute itself does not contain a time limit for fee requests, most courts have determined that the time frame for filing a motion for fees under the statute is governed by FED. R. CIV. P. 54(d)(2)(B), which requires that fee motions be filed no later than fourteen (14) days after entry of judgement. However, since a sentence four remand under 42 U.S.C. § 405(g) requires entry of judgment at the time of the remand, an award under 42 U.S.C. § 406(b) will rarely be calculable before the end of the fourteen day period, thereby leaving a claimant without further opportunity to seek fees under the statute.

To avoid such a harsh result, a majority of courts addressing this issue have applied R. 54(d)(2)(B) in combination with equitable tolling to extend the time period for seeking an award. *Proctor v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 10568, *8-9 (S.D. Ohio 2013). Therefore, "the application of the filing deadline is tolled until the notice of award is issued by the Commissioner and counsel is notified of that award." *Id*. at *11 (*citing Walker v. Astrue*, 593 F.3d 274, 280 (3rd. Cir. 2010) (internal citations omitted)). Using this method, attorneys have "fourteen days from notification of the notice of award to file a fee petition in the district court." *Id*.

Here, Plaintiff received notification of the notice of award on January 20, 2010 (Docket No. 25, Attachment 2). Therefore, her motion for attorneys' fees should have been filed no later than fourteen days later, some time in February 2010. *See Proctor*, 2013 U.S. Dist. LEXIS 10568 at *11. The pending Motion was not filed until August 29, 2013, seemingly some three years late (Docket No. 25). According to Plaintiff, the Motion is still timely, as the Social Security Administration's internal rules require the Administration to contact *the attorney* to ascertain when the motion for fees will be filed and when all past-due benefits can therefore be released to the claimant (Docket No. 25, p. 3 of 7). Plaintiff's counsel alleges "the agency's rules toll any time limit for filing a fee motion until such time as the Commissioner sends the 'close out letter' to the claimant" (Docket No. 25, p. 4 of 7). Since Plaintiff never received such a letter, counsel argues the filing of this Motion is still timely (Docket No. 25, p. 4 of 7).

While Plaintiff's interpretation of the Administration's internal rules may or may not be correct, Defendant does not object to Plaintiff's filing on the grounds of timeliness (Docket No. 26). As such, this Court finds Plaintiff's Motion timely.

B.   **REASONABLENESS OF AWARD**

As stated above, the first step in determining the proper amount of an award under 42 U.S.C. § 406(b) is to determine whether a claimant and his or her attorney entered into a fee agreement. *Rodriguez*, 865 F.2d at 746. When present, such an agreement will operate as a rebuttable presumption and be afforded due deference. *Id*.

Here, Plaintiff and her counsel entered into a contingent fee agreement on December 15, 2004, whereby Plaintiff agreed to pay counsel twenty-five percent of any past-due benefits award (Docket No. 25, Attachment 1).[1] Given the amount of Plaintiff's award, counsel is therefore entitled to $25,025.10. Plaintiff seeks only $10,000 (Docket No. 25). It is the obligation of Defendant to show why this Court should not grant Plaintiff's Motion by demonstrating either: (1) improper conduct or ineffectiveness of counsel; or (2) a windfall because of either an inordinately large benefit or from minimal effort expended. *Rodriguez*, 865.F.2d at 746. Defendant offers no such proof.

1.   **IMPROPER CONDUCT OR INEFFECTIVE ASSISTANCE OF COUNSEL**

Defendant makes no allegation of improper conduct or ineffective assistance of counsel (Docket No. 26), nor does the record contain evidence of any such conduct. Counsel and his

---

[1] The relevant portion of Plaintiff's contingent fee agreement, which was signed by Plaintiff on December 14, 2004, states:

> Fees Set by Court: If my claim goes to court, for their services in the civil action I agree to pay my attorneys 25% of past-due benefits, reduced by any fees I pay for services in the agency proceedings. I consent to have my attorneys apply for fees in such a manner as to maximize the fee paid to them, even though it may eliminate or decrease a fee refund under the Equal Access to Justice Act to which I might have been entitled otherwise. I consent to have all EAJA fees paid to my attorneys.

(Docket No. 25, Attachment 1).

associates claim to have spent 15.4 hours in their representation of Plaintiff (Docket No. 25, Attachment 3). Counsel made a good faith effort to be clear and succinct in his pleadings. There is neither padding nor the assertion of frivolous claims. There are no excessive, redundant, or unnecessary hours included in the schedule of services. Counsel's competence and effectiveness is further evidenced by the stipulated remand to the Commissioner and the rather large award of past-due benefits to Plaintiff. Therefore, there is no evidence of improper conduct or ineffective assistance of counsel.

        2.        **WINDFALL**

According to Defendant, counsel performed only 12.8 hours of compensable work, which is 2.6 hours less than Plaintiff's proffered 15.4 hours, allegedly for non-compensable work and work that could have been done by clerical staff (Docket No. 26, p. 2 of 4). Doubling the alleged standard hourly rate of $175 to $350, Defendant therefore claims the total amount awarded should be $4,480 ($350 x 12.8 hours) (Docket No. 26). Defendant's argument is without merit.

First, the Court finds no basis for Defendant's hours-worked reduction. Second, Defendant offers no solid proof that the standard hourly rate for Social Security attorneys in this area is $175. Furthermore, *even if* $175 were the standard hourly rate, the amount itself is irrelevant in light of the contingent fee agreement. While EAJA fees may be calculated using the hourly rate or "lodestar" analysis, the Sixth Circuit has held that, in applications for attorneys' fees under 42 U.S.C. § 406(b), it is "error for the district courts to reduce the attorney's fee award on the ground that the amounts called for by the [twenty-five percent] contingency agreements computed to high hourly rates. *Hayes*, 923 F.2d at 421. As the *Hayes* Court stated,

> [i]t is not at all unusual for contingent fees to translate into large hourly rates . . . . In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and under-compensate in others. It is the nature of the beast.

*Id*. Therefore, for purposes of the windfall analysis, this Court will use counsel's hourly rates, when necessary.

In a request for fees under 42 U.S.C. § 406(b) when a contingent fee agreement is present, a windfall occurs only when the hypothetical hourly rate, which is the fee requested divided by the number of hours worked, is more than *twice* the standard rate for such work in the relevant market. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990). Here, Plaintiff's counsel submitted to the Court a standard hourly billing rate of $300 for Mr. Roose and $250 for Ms. Willey and Ms. Meadows (Docket No. 25, Attachment 3). As such, Plaintiff's request would have to be between $500 and $600 per hour to even trigger the windfall analysis. *See Hayes*, 923 F.2d at 422. While Defendant is correct in that $10,000 divided by 15.4 hours of service results in an hourly rate of $649.35 per hour, which is indeed above the doubled rate, the reality is that counsel is only requesting a total award of $7,250. Plaintiff's counsel acknowledges that they were previously paid $2,750 in EAJA fees (Docket No. 25). An attorney may receive fees under both the EAJA and 42 U.S.C. § 406(b); however, the "attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796.With just $7,250 now currently payable, the hourly rate amounts to roughly $471, an amount that is *per se* reasonable and not a windfall. *See Hayes*, 923 F.2d at 422.

Additionally, while there is no doubt that Plaintiff was awarded a substantial amount in past-due benefits, Defendant makes no allegation that this amount was inordinately large

(Docket No. 26). Nor does Defendant contend that any award would be the result of minimal effort on the part of counsel (Docket No. 26). While Mr. Roose and his associates may have only spent 15.4 hours on Plaintiff's claim, that time was clearly well spent, given the outcome of the case.

## V. CONCLUSION

The Commissioner's objections are overruled and Plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b) is granted in the amount of $10,000 to be distributed as follows: (1) $7,250 to Plaintiff's counsel; (2) $2,750 to Plaintiff as reimbursement for previously-paid EAJA fees; and (3) the remainder of the withheld twenty-five percent to Plaintiff. **IT IS SO ORDERED**.

/s/ Vernelis K. Armstrong
United States Magistrate Judge

Date: October 23, 2013